IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOANN TREDENNICK<br>    Plaintiff,<br><br>    v.<br><br>THOMAS BONE, MICHAEL J.<br>MARTIN, TIM ZUBER, ADAM<br>CUPERSMITH, KEN PICCIANO,<br>KIM WICK and DOUG VIDA,<br>trading and doing business as<br>KPMG LLP; and EMANUEL B.<br>HUDOCK<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 07-0735 |

MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.                                November 29, 2007

    This is an action in professional malpractice pled as breach of contract, negligence, fraud and negligent misrepresentation. Plaintiff, JoAnn Tredennick, alleges that defendants, Thomas Bone, Michael Martin, Tim Zuber, Adam Cupersmith, Ken Picciano, Kim Wick and Doug Vida, trading and doing business as KPMG LLP, ("KPMG defendants") and defendant, Emanuel B. Hudock, ("defendant Hudock") failed to disclose certain tax information to her resulting in significant tax liability and other losses. Plaintiff seeks monetary relief, including punitive damages.

    Defendants have filed motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) on various grounds. Defendants have also

filed supplemental motions to dismiss for failure to file a certificate of merit pursuant to Pa.R.Civ.P. 1042.3. In the alternative, the KPMG defendants argue that if the amended complaint survives dismissal, the court should compel the parties to arbitrate these claims. For the reasons set forth below, the amended complaint will be dismissed in its entirety.

I. BACKGROUND

Set forth below are the facts viewed in the light most favorable to plaintiff.

This case arises out of certain tax recommendations relating to the sale of Resco Products, Inc. ("Resco"). Plaintiff, as the majority shareholder, controlled approximately 92% of Resco's capital stock. Plaintiff also served as the chair of Resco's Board of Directors and was a member of Resco's Audit Committee. Prior to the sale of the company, Resco entered into a contract with KPMG for tax advice and recommendations relating to the sale. KPMG is in the business of providing professional accounting services, including tax advice and auditing. The KPMG defendants were the specific representatives of KPMG who performed services and provided tax advice to Resco. Defendant Hudock was employed by Resco and served as its Corporate Tax Manager.

In early 2005, defendants prepared a confidential offering memorandum which Resco could distribute to potential buyers. In this memorandum, certain tax deductions relating to the sale of Resco's stock were estimated to be worth approximately $20 million. Also, at or about the same time, defendants advised Resco to pay certain liabilities on or after March 16, 2005. By paying these liabilities on or after March 16, 2005, Resco's shareholders could not deduct these payments; rather, the buyer of Resco could deduct these payments and realize a tax benefit if the purchase was completed in 2005. Resco was acquired in September of 2005 and the tax benefits of these payments accrued to the buyer of Resco, rather than to plaintiff and the remaining shareholders of Resco. At the time of the closing of the sale of the company and based on the advice of defendants, Resco made additional payments of accrued bonuses and deferred compensation. These payments were also deductible by the buyer and not the shareholders of Resco. Plaintiff also contends that information in the confidential memorandum was inaccurate and/or incomplete because it did not include additional deductions available to a buyer of Resco. As a result, plaintiff contends that she received a lesser price for her stock.

According to plaintiff, defendants failed to advise her of the adverse tax consequences to shareholders associated with the above referenced payments Resco made in 2005 and 2006. Due to

the timing of the above referenced payments and the accrual of the tax benefits to the buyer of Resco rather than to her as a shareholder, plaintiff contends that she incurred over $900,000 in state and federal tax liability.

II. STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), a complaint need not contain detailed factual allegations. However, as the Supreme Court recently stated, the grounds for entitlement to relief "require[] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, --- U.S. ---, 127 S.Ct. 1955, 1964-1965 (2007) (internal quotations and citations omitted). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (citations omitted); see also, Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007).

To evaluate a motion to dismiss, the court may consider the allegations contained in the complaint, exhibits attached to or incorporated by reference into the complaint, matters of public record and records of which the court may take judicial notice. See Tellabs, Inc. v. Makor Issues & Rts., Ltd., --- U.S. ----,

127 S.Ct. 2499, 2509 (2007); Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Any "matters incorporated by reference or integral to the claim" also may properly be regarded by the court without converting the motion to dismiss to one for summary judgment. Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (citing 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004)). Accordingly, on a motion to dismiss, the court may consider an "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document" since "[o]therwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied." Pension Benefit, 998 F.2d at 1196 (citation omitted).

It is according to this standard that the court has reviewed defendants' motions to dismiss. The court has reviewed the pleadings of record and the briefs filed in support and opposition thereto. The court has also considered the undisputed written contract between Resco and KPMG, even though it was not attached to plaintiff's amended complaint. The court is not persuaded that plaintiff's allegations, even taken as true, raise a right to relief above the speculative level.

III. DISCUSSION

   A. Breach of Contract Claim Against KPMG Defendants

Count I of the amended complaint asserts a breach of contract claim against the KPMG defendants. In their motion to dismiss, the KPMG defendants assert that plaintiff did not have a contract for tax services with them or with KPMG and was not an intended third party beneficiary of the contract between Resco and KPMG. Further, the contract for tax services between Resco and KPMG specifically provided that any advice or recommendations "may not be relied upon by any third party."

Plaintiff concedes that the operative contract is between Resco and KPMG but contends that she is a third party beneficiary of that contract. The parties assume that Pennsylvania law applies. The court agrees, and finds that the breach of contract claim fails because the contract expressly disclaims any intention of KPMG or Resco for plaintiff to be a third party beneficiary of their agreement.

In considering who may be considered a third party beneficiary of the performance of a contract, the Restatement (Second) of Contracts § 302 provides:

> (1) **Unless otherwise agreed between promisor and promisee**, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intentions of the parties and either

> (a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or
>
> (b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

Scarpitti v. Weborg, 609 A.2d 147, 150 (Pa. 1992) quoting Restatement (Second) of Contracts § 302(1) (1979) (emphasis added). In Scarpitti, the Pennsylvania Supreme Court recognized that a party becomes a third party beneficiary "only where both parties to the contract express an intention to benefit the third party in the contract itself." Id. at 149-150.

Further, several courts have recognized that plaintiffs cannot be third party beneficiaries where a contract specifically states that it is not intended to create third party beneficiaries at all. See, e.g., Banknorth, N.A. v. BJ's Wholesale Club, Inc., 442 F.Supp.2d 206, 210-211 (M.D. Pa. 2006); Villanova, Ltd v. Convergys, No. 01-1213, 2001 WL 868662, at \*\*1-2 (E.D. Pa. April 24, 2001).

In this case, Paragraph 8(a) regarding "Reliance and Disclosure" of the "Standard Terms and Conditions Tax Services" agreement between KPMG and Resco provides:

> "[C]lient acknowledges and agrees that any advice, recommendations, information or work product provided to Client by KPMG in connection with this Engagement is for the confidential use of the Client, [and] **may not be relied upon by any third party ... "** (emphasis added).

This contract for tax services excludes any reliance upon the advice, recommendations, or information KPMG provided to Resco. This provision expressly disclaims any intention of Resco or KPMG for plaintiff to be a third party beneficiary to their agreement. Plaintiff here has failed to offer any circumstances in this case to warrant third party beneficiary status.

Because the parties to the contract explicitly provided that no third parties could rely on the tax advice KPMG provided to Resco, plaintiff cannot successfully claim to be a third party beneficiary. Accordingly, plaintiff's claim for breach of contract in Count I against the KPMG defendants is dismissed.[1]

---

[1] The court also notes that Paragraph 12 of the contract expressly provides that "[N]o action, regardless of form, arising out of or relating to this engagement, may be brought by either party more than one year after the cause of action has accrued." In an action for breach of contract, the statute of limitations begins to run from the time of the breach. Romeo & Sons, Inc. v. P.C. Yezbak & Son, Inc., 652 A.2d 830, 832 (Pa. 1995)(citations omitted). According to plaintiff, defendants breached the contract by failing to disclose the tax consequences of certain payments made in February or March of 2005 and 2006. Plaintiff filed the instant action in May of 2007, more than a year after defendants purportedly should have disclosed this information. Additionally, although the discovery rule may be applied to breach of contract actions where the injured party is unable, despite the exercise of due diligence, to know of an injury or its cause, plaintiff alleges that she first learned of the adverse tax consequences in February or March 2006. Even assuming the discovery rule applies here, plaintiff filed the instant action outside the one year limitations provision of the contract, of which she claims to be a third party beneficiary. Although the court does not dismiss Count I on this basis, plaintiff's breach of contract claim appears from the face of the amended complaint to be time-barred.

B. <u>Negligence Claim Against All Defendants</u>

Count II of the amended complaint asserts a negligence claim against all defendants. The KPMG defendants contend that this claim fails as a matter of law because plaintiff was not in privity with the KPMG defendants. Defendant Hudock likewise moves to dismiss Count II for lack of privity.

At a status conference in this case, plaintiff's counsel characterized this action as an "accountant malpractice case."[2] However, plaintiff contends that privity is not required under the facts here, relying principally upon a Pennsylvania Court of Common Pleas case, <u>Reilly v. Ernst & Young, LLP</u>, 66 Pa. D&C 4th 252 (Ct. Com. Pl. Butler County 2003). Plaintiff further contends that as majority shareholder, she was an intended beneficiary of the accounting information provided by the

---

[2] Despite this admission, plaintiff's counsel failed to file a certificate of merit as required by Pa.R.Civ.P. 1042.3. Federal courts sitting in diversity must apply this substantive state law to malpractice claims brought in federal court. See e.g., Chamberlain v. Giampapa, 210 F.3d 154 (3d Cir. 2000); Velazquez v. UPMC Bedford Memorial Hosp., 328 F.Supp.2d 549 (W.D. Pa. 2004). After the court raised this issue at the status conference, defendants filed supplemental motions to dismiss for failure to comply with this requirement [Doc. Nos. 39 and 43]. Plaintiff also subsequently filed a motion for leave to file certificates of merit [Doc. No. 41], more than six months after filing the initial complaint. Although failing to meet this substantive requirement may provide a basis for dismissal, we dismiss the professional negligence claim on the merits. Thus, plaintiff's motion for leave to file certificates of merit [Doc. No. 41] is denied as moot. Defendants' supplemental motions to dismiss on this ground [Doc. Nos. 39 and 43] are also denied as moot.

9

defendants. Plaintiff's arguments, however, fail to persuade the court to abandon the strict privity requirement necessary to maintain a professional negligence claim in Pennsylvania.

In Pennsylvania, it is well-settled that an action for professional negligence cannot be maintained unless there is privity of contract between the parties. See <u>Landell v. Lybrand</u>, 107 A. 783 (Pa. 1919)(where plaintiff-shareholder claimed that certain financial statements were incomplete and misleading, the Pennsylvania Supreme Court held that, as a matter of law, the plaintiff failed to state a claim against the accountants because privity of contract did not exist); <u>Guy v. Liederbach</u>, 459 A.2d 744 (Pa. 1983)(recognizing important policies requiring privity); <u>PNC Bank, Kentucky, Inc. v. Housing Mortgage Corp.</u>, 899 F.Supp. 1399, 1406 (W.D. Pa. 1994); <u>Williams Controls, Inc. v. Parente, Randolph, Orlando, Carey & Associates</u>, 39 F.Supp.2d 517, 523 (M.D. Pa. 1999)("The Pennsylvania Supreme Court requires privity between a plaintiff and a defendant-accountant to maintain a professional negligence action."); <u>Pell v. Weinstein</u>, 759 F.Supp. 1107, 1119-1120 (M.D. Pa. 1991).

Further, the Pennsylvania Supreme Court has made clear that a specific undertaking to perform a specific service **for a plaintiff** is required to maintain a malpractice action based on negligence. <u>Guy</u>, 459 A. 2d at 750 (emphasis added).

Here, plaintiff concedes that the contract for tax services and recommendations was between Resco and KPMG. Plaintiff had no contract with any of the defendants for tax advice. Plaintiff has failed to establish that defendants engaged in any specific undertaking to perform any specific service for her as required to maintain a claim for professional negligence in Pennsylvania. Accordingly, based upon the facts set forth in the amended complaint, no exception to the privity requirement is warranted here. Because plaintiff is not in privity with defendants as required by Pennsylvania, Count II against all defendants is dismissed.

### C. Fraud Claim Against All Defendants

Count III asserts a claim for fraud against all defendants. The amended complaint alleges that the accounting information provided by defendants was inaccurate or incomplete, that the defendants knew this, and that plaintiff justifiably relied on this information. The KPMG defendants maintain that the amended complaint fails to state the alleged fraud with sufficient particularity as required by Fed.R.Civ.P. 9(b). Even if pled adequately, the KPMG defendants argue that plaintiff cannot state a claim for fraud. The court agrees.

A pleading setting forth fraud as the basis of recovery of damages must, with particularity, allege all the essential

elements of actionable fraud. See Fed.R.Civ.P. 9(b). In order to satisfy the pleading requirements of Rule 9(b), "a party must at a minimum, 'state the time, place and content of the false misrepresentation, the fact misrepresented and what was obtained or given up as a consequence of the fraud.'" DuSesoi v. United Refining Co., 540 F.Supp. 1260, 1272 (W.D. Pa. 1982) (citation omitted). Even where a plaintiff's allegations of fraud are based on information and belief, supporting facts on which this belief is founded must be set forth in the complaint. Hayduk v. Lanna, 775 F.2d 441, 444 (1st Cir. 1985)(citations omitted).

In the context of claims against accountants, where allegations of fraud fail to disclose the manner in which a defendant knowingly departed from reasonable accounting practices, Rule 9(b) is not satisfied. See Christidis v. First Pennsylvania Mortgage Trust, 717 F.2d 96 (3d Cir. 1983) (affirming dismissal of fraud claim against an accounting firm for failure to identify the particular accounting practices allegedly violated). Also, where, as here, a case involves multiple defendants, "the complaint should inform each defendant of the nature of his alleged participation in the fraud." Silverstein v. Percudani, 422 F.Supp.2d 468, 472-473 (M.D. Pa. 2006)(citations omitted). A complaint that "lumps" together numerous defendants does not provide sufficient notice of which defendants allegedly made the misrepresentations. Id. at 473.

Here, the amended complaint fails to satisfy the requirements of Rule 9(b) given the complete absence of any disclosure of the manner in which, in performing their analysis and providing tax advice, any of the defendants knowingly departed from reasonable accounting practices. Plaintiff alleges "upon information and belief" that the accounting information provided by defendants was inaccurate and omitted the impact of the timing of various payments. Any purported inaccuracy or omission could be fraudulent only if the responsible parties knew or should have known that they were derived in a manner inconsistent with reasonable accounting practices. What those practices are and how they were departed from is nowhere set forth in plaintiff's amended complaint.

Plaintiff also fails to elucidate which defendants provided the inaccurate or incomplete information. The only allegation relating to the alleged participation of defendant Hudock in the purported fraud is that he presented certain accounting information to the audit committee. Again, the complaint is silent as to how his presentation deviated from reasonable accounting practices. The remaining allegations in Count III improperly "lump" defendants together and fail to provide sufficient notice to all defendants regarding the fraud allegations.

In sum, plaintiff here does not identify any accounting principle or auditing standard which was violated. Rather, plaintiff simply states that the financial statements were inaccurate or incomplete and that defendants collectively knew this. This does not satisfy the requirements of Rule 9(b). Plaintiff's allegations of fraud are of insufficient particularity to raise her right to relief above the speculative level. Accordingly, Count III is dismissed against all defendants.[3]

### D. Negligent Misrepresentation Claim Against All Defendants

In Count IV, plaintiff alternatively asserts a claim for negligent misrepresentation. The KPMG defendants contend that this claim also fails for lack of privity. They further argue that plaintiff has not alleged the essential elements of such a

---

[3] Although defendant Hudock did not move to dismiss Count III of the amended complaint on this ground, the court may *sua sponte* dismiss Count III against a defendant that did not file a motion to dismiss because another defendant's motion raised defects that applied equally to all claims. See, e.g., Washington Petroleum & Supply Co. v. Girard Bank, 629 F.Supp. 1224, 1230 (M.D. Pa. 1983). Plaintiff responded to the KPMG defendants' motion to dismiss Count III for failure to plead fraud with particularity as required by Fed.R.Civ.P. 9(b). The defects raised by the KPMG defendants apply equally to the fraud claims against defendant Hudock. Moreover, defendant Hudock raised similar issues in his motion to dismiss the original complaint which was terminated upon plaintiff's filing of the amended complaint. The amended complaint suffers from similar infirmities.

14

claim. Plaintiff contends that privity is not required to maintain a claim for negligent misrepresentation. While the court agrees with plaintiff that privity is not required to state a claim for negligent misrepresentation, the allegations of the amended complaint fail to raise the right to relief for such a claim above the speculative level.

A claim for negligent misrepresentation requires plaintiff to prove: 1) a misrepresentation of material fact; 2) made under circumstances in which the misrepresenter ought to have known its falsity; 3) with the intent to induce another to act on it; and 4) which results in injury to a party acting in justifiable reliance on the misrepresentation. Bortz v. Noon, 729 A.2d 555, 561 (Pa. 1999). Moreover, like any action in negligence, plaintiff must prove that defendants owe her a duty of care. Bair v. Purcell, 500 F.Supp.2d 468, 488 (M.D. Pa. 2007).

In Bilt-Rite Contractors, Inc. v. The Architectural Studio, 866 A.2d 270, 287 (Pa. 2005), the Pennsylvania Supreme Court officially adopted the Restatement (2d) Torts, § 552 (1977), which sets forth the elements of a cause of action for negligent misrepresentation. Section 552 of the Restatement provides in relevant part:

> (1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for

15

> pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
>
> (2) Except as stated in Subsection (3), the liability stated in Subsection (1) is limited to loss suffered
>
>> (a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply it.

Restatement (Second) of Torts § 552 (1977); quoted in <u>Bilt-Rite Contractors</u>, 866 A.2d at 287.

The Pennsylvania Supreme Court adopted "Section 552 as the law in Pennsylvania in cases where information is negligently supplied by one in the business of supplying information ... and where it is foreseeable that the information will be used and relied upon by third persons, even if the third parties have no direct contractual relationship with the supplier of information." <u>Bilt-Rite Contractors</u>, 866 A.2d at 287.

Here, because plaintiff's contractual theories of recovery are flawed, she alternatively attempts to recover in tort. As outlined above, however, because the operative contract between Resco and KPMG specifically excludes reliance upon the accounting information by any third party, plaintiff cannot establish that it was foreseeable that she would use or rely upon it. Nor can plaintiff establish under Section 552 that she is part of any limited group of persons for whose benefit and guidance the

information was intended to be supplied. Rather, the information was intended for Resco, the corporate entity, to rely on in connection with the sale of the company, not for the shareholders to determine their individual tax liability. Plaintiff's allegations in Count IV for negligent misrepresentation against all defendants fail to raise any right to relief above the speculative level and should be dismissed.[4]

IV. CONCLUSION

All claims are dismissed for failure to state a claim upon which relief can be granted. Accordingly, the court need not address the KPMG defendant's alternative argument that the parties are bound to arbitrate this dispute. The appropriate order follows.

---

[4] See infra n. 3. Defendant Hudock did not move to dismiss on this ground, however, plaintiff addressed these issues in response to the KPMG defendant's motion to dismiss.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOANN TREDENNICK )
    Plaintiff, )
 )
v. ) Civil Action No. 07-0735
 )
THOMAS BONE, MICHAEL J. )
MARTIN, TIM ZUBER, ADAM )
CUPERSMITH, KEN PICCIANO, )
KIM WICK and DOUG VIDA, )
trading and doing business as )
KPMG LLP; and EMANUEL B. )
HUDOCK )
    Defendants. )

O R D E R

Therefore, this 29th day of November, 2007, IT IS HEREBY ORDERED that the KPMG defendant's motion to dismiss [Doc. No. 23] is GRANTED. Defendant Hudock's motion to dismiss [Doc. No. 20] is GRANTED. Defendants' supplemental motions to dismiss [Doc. Nos. 39 and 43] are DENIED as moot. Plaintiff's motion for leave to file certificates of merit [Doc. No. 41] is DENIED as moot.

BY THE COURT:

_____, J.

cc: All Counsel of Record