IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOANN TREDENNICK
    Plaintiff,

v.

THOMAS BONE, MICHAEL J.
MARTIN, TIM ZUBER, ADAM
CUPERSMITH, KEN PICCIANO,
KIM WICK and DOUG VIDA,
trading and doing business as
KPMG LLP; and EMANUEL B.
HUDOCK
    Defendants.

Civil Action No. 07-0735

## MEMORANDUM ORDER

Before the court is a motion for sanctions pursuant to Fed.R.Civ.P. 11 [Doc. No. 30] filed by defendants Bone, Martin, Zuber, Cupersmith, Picciano, Wick, and Vida ("KPMG defendants"). The KPMG defendants contend that plaintiff's amended complaint lacks evidentiary support and was filed for an improper purpose, namely to harass and needlessly increase the cost of litigation. The KPMG defendants also seek monetary sanctions against plaintiff's counsel.

Fed.R.Civ.P. Rule 11 imposes the affirmative duty upon the signing attorney and/or party to a pleading to conduct a reasonable inquiry into the law and facts before filing. See Business Guides, Inc. v. Chromatic Communications Enter., 111 S.Ct. 922, 933 (1991). The rule "imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers

filed with the court are well-grounded in fact ... ." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990); Lony v. E.I. DuPont DeNemours & Co., 935 F.2d 604, 616 (3d Cir. 1971) (citations omitted).

In Lieb v. Topstone Indus., 788 F.2d 151, 157 (3d Cir. 1986), the court noted that the Rule 11 test is "an objective one of reasonableness" and seeks to discourage pleadings "without factual foundation, even though the paper was not filed in subjective bad faith." Rule 11 also seeks to ensure a pleading is not used for "an improper purpose, such as to cause harassment, undue delay, or needless increase in litigation expense." Id.; see also Business Guides, 111 S. Ct. at 934 (the "main objective" of Rule 11 is "to deter baseless filings and curb abuses"). The rule is equally applicable to defendants and to plaintiffs.

When a district court examines the sufficiency of counsel's investigation, it "is expected to avoid the wisdom of hindsight and should test the signer's conduct by [asking] what was reasonable to believe at the time the pleading, motion, or other paper was submitted." CTC Imports and Exports v. Nigerian Petroleum Corp., 951 F.2d 573, 578 (3d Cir. 1991). In doing so, the court must consider all circumstances surrounding the submission. CTC Imports and Exports, 951 F.2d at 578. Rule 11 is violated "where it is patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can

2

be advanced to extend, modify or reverse the law as it stands." Eastway Construction Corp. v. New York, 762 F.2d 243, 254 (2d Cir. 1985). While monetary sanctions are not encouraged under Rule 11, they are not forbidden. Zuk v. E. Pa. Psychiatric Inst. of the Med. Coll., 103 F.3d 294, 301 (3d Cir. 1996).

Here, no exceptional circumstances exist to warrant sanctions pursuant to Fed.R.Civ.P. 11. Although the court has dismissed plaintiff's claims pursuant to Fed.R.Civ.P. 12(b)(6), the dismissal of these claims does not mean the claims were frivolous. Further, considering all the circumstances, we cannot say that the claims were presented for an improper purpose. Accordingly, the KPMG defendant's motion for sanctions is denied.

BY THE COURT:

/s/ [signature], J.

11/29/07

cc: All Counsel of Record